UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

BERNARD BELLONY,

        Plaintiff,

   -against-

CITY OF NEW YORK; DETECTIVE MARCO BALBONI; SERGEANT MICHAEL ENRIGHT; POLICE OFFICER ROBERT MAYNARD; DETECTIVE PATRICK HENN; DETECTIVE HOPKINS; DETECTIVE PERRY; DETECTIVE RAMIREZ; DETECTIVE JOSE ORTIZ; DETECTIVE JEROME TEAHAN; POLICE OFFICER CHRISTOPHER SANTIAGO; DETECTIVE JOHN SCHARF; LIEUTENANT IGOR PINKHASOV; DETECTIVE ORAZIO BOCCADIFUOCO; DETECTIVE NELSON FIGUEROA; DETECTIVE NORMAN LEE; SERGEANT CHAU; DETECTIVE MICHAEL HARDMAN; DETECTIVE COREY ANDERSON; SERGEANT ROGER JASMINE; and JOHN and JANE DOE 1 through 10,

        Defendants.
-----------------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

18 CV 5127

## NATURE OF THE ACTION

1. This is an action to recover money damages and declaratory relief arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Bernard Bellony is a resident of New York County in the State of New York.

8. The City of New York is a public corporation organized under the laws of the State of New York. It operates the New York City Police Department, an agency of defendant City of New York responsible for the appointment, training, supervision,

promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Detective Marco Balboni ("Balboni"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. Defendant Balboni is sued in his individual and official capacities.

10. Defendant Sergeant Michael Enright ("Enright"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. Defendant Enright is sued in his individual and official capacities.

11. Defendant Police Officer Robert Maynard ("Maynard"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. Defendant Maynard is sued in his individual and official capacities.

12. Defendant Detective Patrick Henn ("Henn"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. Defendant Henn is sued in his individual and official capacities.

13. Defendant Detective Hopkins ("Hopkins"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. Defendant Hopkins is sued in his individual and official capacities.

14. Defendant Detective Perry ("Perry"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. Defendant Perry is sued in his individual and official capacities.

15. Defendant Detective Ramirez ("Ramirez"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. Defendant Ramirez is sued in his individual and official capacities.

16. Defendant Detective Jose Ortiz ("Ortiz"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. Defendant Ortiz is sued in his individual and official capacities.

17. Defendant Detective Jerome Teahan ("Teahan"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. Defendant Teahan is sued in his individual and official capacities.

18. Defendant Police Officer Christopher Santiago ("Santiago"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. Defendant Santiago is sued in his individual and official capacities.

19. Defendant Detective John Scharf ("Scharf"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. Defendant Scharf is sued in his individual and official capacities.

20.     Defendant Lieutenant Igor Pinkhasov ("Pinkhasov"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. Defendant Pinkhasov is sued in his individual and official capacities.

21.     Defendant Detective Orazio Boccadifuoco ("Boccadifuoco"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. Defendant Boccadifuoco is sued in his individual and official capacities.

22.     Defendant Detective Nelson Figueroa ("Figueroa"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. Defendant Figueroa is sued in his individual and official capacities.

23.     Defendant Detective Norman Lee ("Lee"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. Defendant Lee is sued in his individual and official capacities.

24.     Defendant Sergeant Chau ("Chau"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. Defendant Chau is sued in his individual and official capacities.

25.     Defendant Detective Michael Hardman ("Hardman"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. Defendant Hardman is sued in his individual and official capacities.

26. Defendant Detective Corey Anderson ("Anderson"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. Defendant Anderson is sued in his individual and official capacities.

27. Defendant Sergeant Roger Jasmine ("Jasmine"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department. Defendant Jasmine is sued in his individual and official capacities.

28. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the City of New York. Plaintiff does not know the real names or, if applicable, shield numbers of defendants John and Jane Doe 1 through 10.

29. At all times relevant herein, the City of New York defendants were acting under color of state law.

## STATEMENT OF FACTS

30. On June 13, 2016, a shooting took place at the Harry Maze Playground located at Ditmas Avenue and East 56th Street in Brooklyn, New York.

31. Plaintiff Bernard Bellony was not present inside the playground when the shots were fired and had no involvement in the shooting.

32. Knowing that claimant was innocent of the crime and the identity of the

true perpetrator, defendants manufactured evidence and altered witness testimony in an attempt to falsely implicate claimant in the shooting.

33. These acts caused claimant to be falsely arrested on or about June 18, 2016, libeled and defamed citywide (*see, e.g.*, https://nydn.us/1ZOVZf9) ("*Ex-con, 21, arrested in Brooklyn playground shooting over stolen backpack: 'That's the height of insanity'*").

34. Respondents maliciously commenced a prosecution against claimant and caused a false indictment to issue against him, leading to plaintiff's incarceration on Rikers Island and the Tombs until approximately September 9, 2017.

35. Mr. Bellony was ultimately released on his own recognizance.

36. All charges against Mr. Bellony were dismissed on January 8, 2018.

37. As a consequence of defendants' malfeasance, Mr. Bellony was deprived of his liberty for one year, two months and 23 days, and prosecuted for an additional four months.

38. Within ninety days after the claims alleged in this complaint arose, a written notice of claim was served upon the City of New York via personal service at 100 Church Street, New York, New York 10007.

39. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

40. Mr. Bellony suffered damage as a result of defendants' actions. Plaintiff sustained injuries to his personal, physical, reputational, emotional and economic well-being.

41. Mr. Bellony claims damages for, among other things, loss of liberty; mental anguish; loss of family relationships; loss of enjoyment of life; continuing pain and suffering, including post-incarceration psychological issues; post-incarceration mental health treatment costs; lost earnings while incarcerated; impaired earning capacity and limitations on future employment opportunities; emotional distress; humiliation; indignities; embarrassment; degradation; physical injuries and lack of access to health care while incarcerated; attorneys' fees, and other pecuniary losses; past pain and suffering, emotional distress and loss of reputation.

## FIRST CLAIM
### State Law Assault and Battery

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered plaintiff.

44. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

45. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SECOND CLAIM
### Federal Malicious Prosecution

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. By their conduct, as described herein, and acting under color of state law and in concert, the individual defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

48. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

49. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law Malicious Prosecution

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. By their conduct, as described herein, defendants, acting in concert, are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

52. Defendants maliciously commenced criminal proceedings against plaintiff, charging him with larceny. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

53. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

54. All charges were terminated in plaintiff's favor.

55. The individual defendants, acting in concert, were responsible for the malicious prosecution of plaintiff.

56. Defendant, City of New York, as employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

57.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial of Constitutional Right to Fair Trial/Fabrication of Evidence

58.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59.     As outlined above, the individual defendants, acting in concert, created false evidence against plaintiff.

60.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

61.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

62.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Negligence; Negligent Hiring/Training/Retention/Supervision

63. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64. Defendant City of New York and individual defendants owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

65. Upon information and belief, the individual defendants were unfit and incompetent for their positions.

66. Upon information and belief, the City of New York and its police department, knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

67. Upon information and belief, the City of New York and its police department's negligence in screening, hiring, training, disciplining, supervising and retaining these defendants proximately caused each of plaintiff's injuries.

68. Defendant, City of New York, as employer of the individual defendants, is responsible for their negligent conduct under the doctrine of *respondeat superior*.

69. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Intentional Infliction of Emotional Distress

70. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

71. By reason of the foregoing, the individual defendants, acting in concert, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

72. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties.

73. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff.

74. Defendant, City of New York, as employer of the individual defendants, is responsible for their conduct under the doctrine of *respondeat superior*.

75. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Infliction of Emotional Distress

76. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

77. By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

78. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

79. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

80. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Failure to Intervene

81. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

82. Those City of New York defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

83. Accordingly, the officer defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

84. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Unlawful Strip Searches

85. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

86. While plaintiff was unlawfully incarcerated based on the defendants' malfeasance, he was subjected to strip searches.

87. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   September 11, 2018
         New York, New York

ELEFTERAKIS, ELEFTERAKIS & PANEK

Gabriel P. Harvis, Esq.
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116

*Attorneys for Plaintiff*