UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BERNARD BELLONY,

                      Plaintiff,           **<u>SUA SPONTE</u>**
                                           **<u>REPORT AND</u>**
  -against-                                  **<u>RECOMMENDATION</u>**

CITY OF NEW YORK, et al.,                    18-CV-5127 (ILG) (ST)

                      Defendants.
------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge**:

      The Court recommends, sua sponte, that this action be dismissed for failure to prosecute.

      Plaintiff Bernard Bellony, by and through counsel, filed this action on September 11, 2018. Complaint, ECF No. 1. Upon motion for extension of time, Defendants answered on December 10, 2018. Answer, ECF No. 29. The Court scheduled an initial conference for January 8, 2019. Scheduling Order, ECF No. 8. Prior to the initial conference, Plaintiff's counsel filed a motion to withdraw as attorney. Motion to Withdraw, ECF No. 30. Along with this motion, Plaintiff's counsel submitted a Consent to Change Attorney form executed by Plaintiff and a letter from Plaintiff's proposed new counsel directing counsel to transfer Plaintiff's file. Motion to Withdraw, Ex. 1, ECF No. 30-1. Subsequently, however, Plaintiff's proposed new counsel e-mailed Plaintiff's counsel to indicate that he had declined to represent Plaintiff in this matter. Motion to Withdraw at 2.

      The Court deferred ruling on Plaintiff's counsel's motion to withdraw and ordered that he appear at the initial conference to discuss the matter of representation. Order dated January 4, 2019. At the initial conference, the Court directed Plaintiff to retain new counsel within 60 days and scheduled a second initial conference for March 8, 2019. Minute Entry, ECF No. 31. The

Court advised Plaintiff that if he did not retain new counsel by this time, he would be required to appear personally at the second initial conference. *Id*.

Plaintiff neither filed notice that he had retained new counsel nor appeared at the second initial conference. Minute Entry, ECF No. 32. The Court scheduled a third initial conference for April 8, 2019, requiring Plaintiff to appear personally with his original counsel, whom the Court had not yet permitted to withdraw. *Id*. The Court advised Plaintiff that "[f]ailure to appear in person for this conference will result in the Court recommending that this case be dismissed for failure to prosecute." *Id*.

Plaintiff did not appear at the third initial conference on April 8, 2019. Minute Entry, ECF No. 33. Plaintiff's original counsel did appear and indicated to the Court that he had been unable to contact Plaintiff for a period of nearly four months. *Id*. The Court ordered that "[b]y May 8, 2019, Plaintiff shall show cause why this case should not be dismissed for failure to prosecute." *Id*. The Court again advised Plaintiff that "[f]ailure to comply with this order will result in a recommendation that the case be dismissed for failure to prosecute." *Id*.

Plaintiff did not show cause May 8, 2019. No new counsel has entered appearance on Plaintiff's behalf. Plaintiff has taken no action in this case whatsoever since filing proofs of service of the summonses, ECF Nos. 26-28, in December of 2018.

Courts in this Circuit weigh five factors in deciding whether to dismiss an action for failure to prosecute: (1) the duration of the plaintiff's failure to comply with the court's orders, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5)

whether the court has adequately considered a sanction less drastic than dismissal. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Each of these factors weighs in favor of dismissal of this case. First, Plaintiff has been unreachable by his attorney for now roughly six months, and Plaintiff has taken no other action in this case since that time. This is of sufficient duration to dismiss for failure to prosecute. *See, e.g.*, *Galper v. ARS Nat'l Servs., Inc.*, No. 18-CV-2753 (RJD) (JO), 2018 WL 6381459, at *2 (E.D.N.Y. Dec. 3, 2018) (delay of four months sufficient); *Chavis v. City of New York*, No. 17-CV-9518 (PAE) (BCM), 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018) (same). Second, Plaintiff failed to comply with two orders by the Court—to appear at the April 8, 2019 conference and to show cause why the case should not be dismissed—that the Court explicitly warned would result in a recommendation that the case be dismissed for failure to prosecute. Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice the defendants. *See, e.g.*, *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43). Fourth, because of Plaintiff's inaction, his claim against Defendants is at a standstill despite his opportunity to be heard on several occasions, notwithstanding his failure to take advantage of those opportunities. Finally, a sanction less than dismissal would be futile because Plaintiff is unreachable and has shown that he has no interest in further prosecuting this case. *See, e.g.*, *Burgess v. Goodman*, No. 18-CV-6584 (VEC), 2019 WL 719199, at *4 (S.D.N.Y. Feb. 20, 2019) (citations omitted).

In light of these factors, the Court recommends dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), but recommends that this dismissal

be without prejudice to filing a new action.[1] The Court also accordingly recommends that Plaintiff's counsel's Motion to Withdraw, ECF No. 30, be granted.

### OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                                /s/
                                             Steven L. Tiscione
                                             United States Magistrate Judge
                                             Eastern District of New York

Dated: Brooklyn, New York
       May 29, 2019

---

[1] A dismissal pursuant to Rule 41(b) may be "without prejudice if so specified by the court imposing it." *Lyell*, 682 F.2d at 43 (citing Fed. R. Civ. P. 41(b)). Where the court "has had no direct contact with plaintiff" after attempting to warn him of the possibility of dismissal, dismissal without prejudice is often deemed appropriate. *Whitaker v. New York City Police Dep't*, 1989 WL 37678, at *1 (S.D.N.Y. Apr. 11, 1989); *see also Laney v. Ramirez*, No. 10-CV-9063 (JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) (noting that a dismissal without prejudice protects the plaintiff's "right to a fair chance to be heard").